KYH/JIH: USAO 2025R00509

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** ELH-26-07 |
| | * | |
| **v.** | * | **(Possession with Intent to Distribute** |
| | * | **Controlled Substances, 21 U.S.C. §** |
| **ROBERT DERAN MARTIN,** | * | **841(a)(1); Possession of Firearms and** |
| | * | **Ammunition by a Prohibited Person,** |
| **Defendant.** | * | **18 U.S.C. § 922(g)(1); Possession of** |
| | * | **Firearms in Furtherance of a Drug** |
| | * | **Trafficking Crime, 18 U.S.C. §** |
| | * | **924(c)(1)(A)(i); Forfeiture, 18 U.S.C.** |
| | * | **§ 924(d), 21 U.S.C. § 853, 28 U.S.C.** |
| | * | **§ 2461(c))** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about November 7, 2024, in the District of Maryland, the Defendant,

### ROBERT DERAN MARTIN,

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance; and a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly referred to as fentanyl, a schedule II controlled substance.

21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(viii)

**COUNT TWO**
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about November 7, 2024, in the District of Maryland, the Defendant,

**ROBERT DERAN MARTIN**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Glock model 30 .45 caliber handgun, bearing serial number BUWG937; approximately 44 rounds of .45 caliber ammunition; and approximately eighteen rounds of 5.56mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about November 7, 2024, in the District of Maryland, the Defendant,

### ROBERT DERAN MARTIN,

did knowingly possess a firearm, to wit, a Glock model 30 .45 caliber handgun, bearing serial number BUWG937, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count One of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

3

## COUNT FOUR
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about October 8, 2025, in the District of Maryland, the Defendant,

### ROBERT DERAN MARTIN,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a schedule II controlled substance; and 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide, commonly referred to as fentanyl, a schedule II controlled substance.

21 U.S.C. § 841(a)(1), 21 U.S.C. §§ 841(b)(1)(A)(viii) and (b)(1)(B)(vi)

## COUNT FIVE
### (Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about October 8, 2025, in the District of Maryland, the Defendant,

## ROBERT DERAN MARTIN,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit, a Glock model 21 .45 caliber handgun, bearing serial number AGMH780; approximately 37 rounds of .45 caliber ammunition; a Smith and Wesson model M&P 40 Shield .40 caliber handgun, bearing serial number HSP9732; approximately eight rounds of .40 caliber ammunition; a Smith and Wesson model M&P Bodyguard .380 caliber handgun, bearing serial number KEJ3280; approximately six rounds of .380 caliber ammunition; and approximately fifty rounds of 9mm ammunition; and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT SIX
### (Possession of Firearms in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about October 8, 2025, in the District of Maryland, the Defendant,

### ROBERT DERAN MARTIN,

did knowingly possess firearms, to wit, a Glock model 21 .45 caliber handgun, bearing serial

number AGMH780; a Smith and Wesson model M&P 40 Shield .40 caliber handgun, bearing

serial number HSP9732; and a Smith and Wesson model M&P Bodyguard .380 caliber handgun,

bearing serial number KEJ3280, in furtherance of a drug trafficking crime for which he may be

prosecuted in a court of the United States, that is, possession with intent to distribute controlled

substances, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count

Four of this Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.    Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Six of this Indictment.

### Narcotics Forfeiture

2.    Upon conviction of the offenses alleged in Counts One or Four of this Indictment, the Defendant,

**ROBERT DERAN MARTIN,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

      a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and

      b.  any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

### Firearms and Ammunition Forfeiture

3.    Upon conviction of the offenses alleged in Counts Two, Three, Five, or Six of this Indictment, the Defendant,

**ROBERT DERAN MARTIN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

### Property Subject to Forfeiture

4.    The property to be forfeited includes, but is not limited to, the following:

7

    a.  approximately $3,325 in U.S. currency seized from the Defendant on October 8, 2025;

    b.  approximately $1,290 in U.S. currency seized from the Defendant's residence on October 8, 2025;

    c.  a Glock model 30 .45 caliber handgun, bearing serial number BUWG937;

    d.  approximately 44 rounds of .45 caliber ammunition;

    e.  approximately eighteen rounds of 5.56mm ammunition;

    f.  a Glock model 21 .45 caliber handgun, bearing serial number AGMH780;

    g.  approximately 37 rounds of .45 caliber ammunition;

    h.  a Smith and Wesson model M&P 40 Shield .40 caliber handgun, bearing serial number HSP9732;

    i.  approximately eight rounds of .40 caliber ammunition;

    j.  a Smith and Wesson model M&P Bodyguard .380 caliber handgun, bearing serial number KEJ3280;

    k.  approximately six rounds of .380 caliber ammunition; and

    l.  approximately fifty rounds of 9mm ammunition.

## Substitute Assets

5.      If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without

difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date  1/7/26

9