## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No:  ELH-26-0007** |
| **ROBERT DERAN MARTIN,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Robert Martin's Motion for Reconsideration of Detention (the "Motion"). ECF No. 18. The government has filed a response in opposition, ECF No. 20, and Mr. Martin has filed a reply, ECF No. 22. No hearing is necessary. Loc. R. 105.6. For the reasons set forth below, the Court will DENY Mr. Martin's Motion.

## I.       BACKGROUND

Mr. Martin is charged in a six-count indictment with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Four); possession of firearms and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Counts Two and Five); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts Three and Six). ECF No. 1. The Court held an initial appearance on February 11, 2026, at which time Mr. Martin agreed to detention without prejudice or waiver of his right to request a prompt hearing on the issue of release or detention in the future. ECF No. 10. Mr. Martin later requested a detention hearing, over which I presided on February 27, 2026. ECF No. 13.

### A.       February 27, 2026, Detention Hearing

The government moved to detain Mr. Martin on the ground that his release posed a risk

of danger to the community and nonappearance.[1] ECF No. 17 at 19:1–12. The government highlighted several reasons for its request, including the nature and circumstances of the offenses and the weight of the evidence—namely the government's seizure of significant quantities of drugs and firearms from residences that Mr. Martin occupied. ECF No. 17 at 6:4–13:20. Mr. Martin put forth a release plan that proposed his cousin as third-party custodian and home confinement. ECF No. 17 at 29:10–30:2.

After hearing from the government, defense, and the Pretrial Services officer, I found by clear and convincing evidence that there was no condition or combination of conditions that would reasonably assure the safety of any other person or the community, and I ordered Mr. Martin detained pending trial. ECF No. 14. Specifically, the Order of Detention cited several reasons supporting detention, stating, "[t]he nature and circumstances of the offense, coupled with the weight of the evidence and the lack of a suitable third-party custodian makes this a case in which pretrial detention is appropriate." ECF No. 14.

### B.    Mr. Martin's Arguments Regarding Reconsideration

In his Motion, Mr. Martin proposes a different third-party custodian, his son, Robert Martin, Jr. ECF No. 18 ¶ 11. Mr. Martin contends that a Pretrial Services officer has vetted and approved Robert Martin, Jr. as a suitable third-party custodian. ECF No. 18 ¶ 12. Mr. Martin also highlights several personal characteristics, including his age, ties to Baltimore, family circumstances, employment, and prior criminal history in support of his Motion. ECF No. 18 ¶¶ 13–18.

---

[1] While the government did not expressly state a basis for its motion for detention, I concluded that the government was entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C) and (f)(1)(E) because this case involves an offense for which the maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, and a felony that involves the possession or use of a firearm or destructive device. ECF No. 17 at 33:3–9.

II.     **LEGAL ANALYSIS**

Mr. Martin has styled his Motion as one for "reconsideration of detention" but neither the Federal Rules of Criminal Procedure nor this Court's Local Rules expressly allows for such motions in criminal cases.[2] However, the Bail Reform Act permits the reopening of a detention hearing before trial if the Court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Thus, the information presented by Mr. Martin must be both new and material to justify a reopening of the detention hearing. *See United States v. Johnson*, Case No. RDB-20-0223, 2021 WL 784131, at *1 (D. Md. Mar. 1, 2021) (Boardman, J.).

Courts have considered what information satisfies this dual standard. Material information is "'evidence that, if true, affects the outcome of the Court's pre-trial detention inquiry under the Bail Reform Act.'" *United States v. Douville*, No. 1:21-CR-70, 2021 WL

---

[2] The government highlights several cases where courts have evaluated motions for reconsideration in criminal cases pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 20 at 3. However, not one of these cases involved a defendant's motion for reconsideration of a magistrate judge's detention decision. *See, e.g.*, *United States v. Burton*, Case No. RDB-24-034, 2025 WL 3496173 (D. Md. Dec. 5, 2025) (addressing defendant's motion for reconsideration of the court's order setting a briefing schedule regarding defendant's motion to reopen); *United States v. Russell*, 747 F. Supp. 3d 827, 828–29 (D. Md. 2024) (addressing defendant's motion to reconsider the court's order regarding witness testimony); *United States v. Royal*, Case No. TDC-09-0048, 2022 WL 3648027 (D. Md. Aug. 23, 2022) (addressing defendant's motion for reconsideration of court's order denying motion for sentence reduction); *United States v. Carroll*, No. 7:12-CR-57-F, 2012 WL 5350364, at *1 (E.D.N.C. Oct. 29, 2012) (addressing motion to reconsider in connection with the granting of defendant's motion to suppress); *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362 (4th Cir. 1985) (addressing timeliness of appeal in light of district court's denial of government's motion for reconsideration). Because the Bail Reform Act provides a clear avenue for the Court to revisit a detention decision when presented with new and material information, there is no need to turn to Rule 59(e) of the Federal Rules of Civil Procedure for resolution of the Motion.

6128251, at *1 (W.D.N.C. Dec. 28, 2021) (quoting *United States v. Chansley*, No. 21-CR-3 (RCL), 2021 WL 2809436, at *3 (D.D.C. July 6, 2021)). A motion to reopen under Section 3142(f) is "'not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew . . . he could have investigated . . . before the detention hearing.'" *United States v. Adams*, No. 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024) (quoting *United States v. Munguia*, No. 19-191, 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020)).

Mr. Martin's proposal that Robert Martin, Jr. serve as third-party custodian is neither new nor material information. Indeed, Mr. Martin concedes in his reply memorandum that Robert Martin, Jr. "was known at the time of the first detention hearing" but that Mr. Martin "decided" to present a different third-party custodian with more living space to accommodate Mr. Martin. ECF No. 22 at 2. Mr. Martin's decision to pursue a different third-party custodian previously known to him is precisely the kind of information that fails to justify a reopening of the detention hearing.[3] *See United States v. England*, Case No. RDB-20-0075, 2020 WL 3316340, at *3 (D. Md. June 18, 2020) (Boardman, J.) ("In conclusion, there is no basis to reopen the detention hearing because England has not shown that his new proposed third-party custodian was unknown to him as a custodial option at the detention hearing."). Even assuming, for the sake of argument, that Mr. Martin's proposal of Robert Martin, Jr. as third-party custodian is "new" information, it would not be "material" because my detention decision did not rest solely on the suitability of any third-party custodian.

My decision to detain Mr. Martin during the pendency of his trial was based on several factors, as required under § 3142(g). I concluded that the nature and circumstances of the

---

[3] Similarly, the personal characteristics that Mr. Martin highlights in his Motion are not—and cannot—be new. In fact, I addressed these very characteristics at the detention hearing and found that 18 U.S.C. § 3142(g)(3), the factor relating to the history and characteristics of the defendant, weighed in Mr. Martin's favor. ECF No. 17 at 34:21–35:15.

underlying federal offenses, together with the weight of the evidence, weighed in favor of the government. I further concluded that the danger Mr. Martin's release posed to the community could not be mitigated by any condition or combination of conditions. ECF No. 17 at 35:25–36:3. Given those reasons, Mr. Martin's proposal here of a different third-party custodian does not alter the outcome of my detention decision.

III.    **CONCLUSION**

Because the information presented in Mr. Martin's Motion for Reconsideration of Detention, which the Court has construed as a motion to reopen, fails to satisfy the dual requirement of new and material information, it is hereby ORDERED that the motion, ECF No. 18, is DENIED.

SO ORDERED.

Date: May 1, 2026                                        /s/

Chelsea J. Crawford
United States Magistrate Judge

5